The order below is hereby signed:

Signed: August 7 2012



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Lynda Y. Lopez, | ) | Case No. 97-00969 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DIRECTING CASHFINDERS "R"
US TO SUPPLEMENT ITS APPLICATION FOR UNCLAIMED FUNDS TO
<u>ESTABLISH VALIDITY OF ASSIGNMENT AND REASONABLENESS OF FEE</u>

On June 4, 2012, Rachel Garcia on behalf of Cashfinders "R" Us ("Cashfinders"), the alleged assignee of the debtor's right to recover unclaimed funds in this bankruptcy case, filed an application for release of unclaimed funds in the amount of $908.30. On July 10, 1998, the chapter 13 trustee deposited the unclaimed dividend in question into the court's registry pursuant to 11 U.S.C. § 347(a), and the funds remain on deposit pursuant to 28 U.S.C. §§ 2041 and 2042. Before ruling on the application, the court will require Cashfinders to supplement the application to demonstrate the validity of the assignment, and to establish the reasonableness of any compensation awarded to Cashfinders under the terms of the assignment.

The burden is on the applicant to demonstrate that it is entitled to the funds sought. *Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965); *In re Acker*, 275 B.R. 143, 144 (Bankr. D.D.C. 2002). "Because an application for unclaimed funds is typically considered *ex parte,* the Court must insist on exact compliance with legal requirements relating to the authority of an individual or entity to act on behalf of the owner." *In re Applications for Unclaimed Funds Submitted in Cases Listed on Exhibit "A"*, 341 B.R. 65, 69 (Bankr. N.D. Ga. 2005).

In support of its application, Cashfinders has attached a document entitled "Assignment of Property" that purports to assign to Cashfinders all of the debtor's interest in property or money owed to her in this bankruptcy case. Cashfinders has failed, however, to attach a copy of the underlying assignment agreement setting forth the terms of the assignment. The documentation submitted by Cashfinders also lacks any unique identifying information that would assist the court in verifying the identity of the assignor as the debtor.[1] Without more, the court is not prepared to treat this as a valid and enforceable

---

[1] This case was filed and ultimately closed in 1997, before the days of electronic filing, and the hard copy files relating to this case were archived off-site in 2009. Accordingly, the court does not have immediate access to any paper known to bear the debtor's original signature, which the court might then use to verify the authenticity of the signature appearing on the assignment document. For a fee, parties are free seek a retrieval of archived files, but the court will not recall the files on its own initiative when it is the applicant's burden to demonstrate an entitlement to the funds sought.

assignment by the debtor.

Moreover, because the debtor is the party with first-hand knowledge relevant to the certification of present day entitlement to the funds, the court will require Cashfinders to submit an affidavit, executed by the debtor under penalty of perjury, explaining why the funds went unclaimed and certifying that the debtor (and, by extension, the debtor's assignee) remains entitled to a return of the unclaimed funds.

Finally, the court is entitled to review the reasonableness of the fee charged by Cashfinders in exchange for the alleged assignment.  *See* 11 U.S.C. § 329, Fed. R. Bankr. P. 2016; *In re Taylor*, 216 B.R. 515 (Bankr. E.D. Pa. 1998).  Without knowing the terms of the assignment agreement, and what level of fee was charged and in exchange for what services, the court cannot assess whether the fee charged was reasonable.  It is thus

ORDERED that within 28 days after entry of this order, Cashfinders shall supplement its application for release of unclaimed funds to include:

- a copy of the contractual agreement setting forth the terms of the alleged assignment from the debtor to Cashfinders, including the terms of compensation;

- an affidavit executed by the debtor in support of the application for release of unclaimed funds based on her first-hand knowledge of why the check went uncashed;

- a statement of social security number executed by the debtor in support of the application to verify the identity of the individual executing the alleged assignment as the debtor; and

3

            Document - Application to Release Unclaimed Funds      Page 4 of 4

- an affidavit on behalf of Cashfinders explaining what services were performed in exchange for the agreed to compensation and any additional information Cashfinders deems relevant to an evaluation of the reasonableness of services rendered.

It is further

   ORDERED that if Cashfinders fails to supplement the application in accordance with the foregoing, the court will deny the application without prejudice.


                              [Signed and dated above.]

Copies to:

Cashfinders "R" Us
Attn: Rachel Garcia
1619 Lucile Avenue #1
Los Angeles CA, 90026

Lynda Lopez
2215 River Drive
Edinburg, TX 78539-6907

Lynda Y. Lopez
2828 Wisconsin Ave., NW
#106
Washington, D.C. 20007

Office of the U.S. Trustee
115 South Union Street
Suite 210
Alexandria, VA 22314